IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| PAMELA EDGINTON-STEWARD and JEFFREY STEWARD,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>WAL-MART CORPORATION, et al.,<br><br>　　　　Defendants. | Civil Action No.<br>11-4686 (RMB/JS)<br><br>**MEMORANDUM ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

　　　This matter comes before the Court upon its own motion.  On August 14, 2011, Defendant Wal-Mart Stores, Inc. (the "Defendant") removed this action to federal court, relying upon diversity of citizenship to establish federal subject-matter jurisdiction.  According to the complaint, Plaintiff Pamela Edginton-Steward visited Defendant's Marlton, New Jersey store on July 23, 2009.  (Compl. ¶¶ 1-5.)  She alleges that "she slipped and fell on wet tile floors while entering the building." (Compl. ¶ 5.)  She claims to have suffered vague and unspecified injuries, including "severe and permanent personal injuries which have caused her great pain and mental anguish."  (Compl. ¶ 8.) Ms. Edginton-Steward's husband, Jeffrey Steward, is also a plaintiff in this action.  He claims to "ha[ve] been deprived of the society, companionship, services, consortium and assistance

1

of his wife."  (Compl. ¶ 10.)

The Notice of Removal alleges that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332, because (1) in a pre-suit exchange of information, Plaintiff's counsel informed Wal-Mart's third-party claims administrator that Plaintiff "sustained injuries to various body parts, including her feet," (Ntc. Rmvl. ¶ 11), and (2) Plaintiffs' counsel was unwilling to enter into a stipulation of damages of less than $75,000.  (Ntc. Rmvl. ¶ 14, Ex. B.)  Thus, Defendant "<u>suspects</u> that Plaintiffs are seeking a recovery in excess of $75,000."  (Ntc. Rmvl. ¶ 15 (emphasis added).)

As an initial matter, the Court notes that it has repeatedly held that a plaintiff's refusal to enter into a stipulation limiting its recovery is not sufficient to sustain an allegation of $75,000 in controversy.  <u>See</u>, <u>e.g.</u>, <u>Martin v. Wal-Mart Stores, Inc.</u>, 709 F. Supp. 2d 345, 350 (D.N.J. April 30, 2010) ("One may not reasonably infer from Plaintiff's 'refusal' to stipulate to a limitation on her claims that the claims are reasonably likely to exceed $75,000."); <u>Inferrera v. Wal-Mart Stores, Inc.</u>, Civ. Action No. 11-1331 (D.N.J. March 11, 2011); <u>Hober v. Wal-Mart Stores, Inc.</u>, 11-187 (D.N.J. Jan. 13, 2011).

Moreover, as is proper under the New Jersey Court Rules, the Complaint did not plead a specific amount of monetary damages. N.J. Ct. R. 4:5-2 (2011) ("If unliquidated money damages are

claimed in any court, other than the Special Civil Part, the pleading shall demand damages generally without specifying the amount."). Defendant could have obtained this information through a procedural mechanism designed for this very purpose, but they did not. See N.J. Ct. R. 4:5-2 ("Upon service of a written request by another party, the party filing the pleading shall within 5 days after service thereof furnish the requesting party with a written statement of the amount of damages claimed[.]"). Instead, the Notice of Removal relies only on the vague allegations of the Complaint in concluding that the amount in controversy exceeds $75,000. (Ntc. Rmvl. ¶ 4.)

It is well-settled that a removing defendant carries the burden of establishing the requisite amount in controversy. Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 199 (D.N.J. 2006) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). The Third Circuit has cautioned that § 1441 must be strictly construed against removal "so that the Congressional intent to restrict federal diversity jurisdiction is honored." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (internal citations omitted). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire

& Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (internal citations omitted); see also Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citing Abels).  Thus, a removing party must provide more than mere speculation or tenuous inferences about the amount in controversy to satisfy its burden.  Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 198 (D.N.J. 2006) ("[M]ere speculation that a claim will exceed the jurisdictional amount is not enough to confer jurisdiction."); Valerio v. Mustabasic, Civ. No. 07-534, 2007 WL 2769636, *4 (D.N.J. Sept. 21, 2007). In other words, "if this Court has to guess" at whether the jurisdictional threshold has been met, then the "defendant has not proved its point." Valerio, 2007 WL 2769636 at *4 (internal citations omitted).

Here, the amount in controversy is speculative at best, given that Defendant "suspects that Plaintiffs are seeking a recovery in excess of $75,000."

ACCORDINGLY, IT IS on this, the **17th** day of **August 2011**, hereby **ORDERED** that this case shall be **REMANDED** to the Superior Court of New Jersey, Burlington County; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE